Sullivan, J.
This was an action of assumpsit for work and labour, commenced before a justice of the peace by Rogers against White. The defendant pleaded before the ^justice, 1, Non-assumpsit. 2, Payment in manner following, to wit: That defendant, as assignee of one Richards, held a joint and several note executed by the plaintiff and one Simmers, payable to said Richards one day after date, for the sum of $51.00, dated March the 20th, 1842, and assigned to the defendant before the commencement of the suit; also, that defendant paid the further sum of $30.00 on, &c. The justice gave judgment for the plaintiff, and the defendant appealed. In the Circuit Court, the only question raised by the parties was whether a note executed by the plaintiff and another person in the following terms could be set off against the plaintiff's demand, viz.: “New Albany, 20th March, 1842. $51.00. One day after date, we, or either of us, promise to pay G. Richards, or order, fifty-one dollars for value received. Simmers and Rogers." (Indorsed,) “I assign the *469 within note to David JB. White. Oroel Richards.” The Court decided that the set-off should not be allowed, and gave judgment for the plaintiff.
J. Collins, for the plaintiff.
J. Q. Marshall, for the defendant.
The note offered as a set-off was joint and several. It was a separate debt against each of the makers, as well as a joint debt against both. It would be, therefore, if there is nothing else to prevent, a legitimate matter of set-off in a suit by either of the makers against the holder. Per Ashurst, J., in Fletcher v. Dyche, 2 T. R., 32.
Another question arises in the case, and that is, whether it should not have been proved that Rogers signed the note himself, or at least that he authorized his partner, Simmers, to sign it for him. It is admitted that one partner may, by signing a note, bind the co-partnership, but it is denied that he can, as such, bind the partners severally. This may be true, and yet if Rogers did not sign the note himself, nor authorize it to be signed for him, he should have denied the execution of it under oath. Wilson v. Merkle et al., May term, 1842. By not doing so, he admitted its execution.
We are therefore of opinion that the Court erred in rejecting the evidence.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.